UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DWAYNE DYE**,

Case No.: 2:23-cv-10065
Hon:

Plaintiff,

vs.

**CITY OF HAZEL PARK**, a municipal corporation, **OFFICER DEANOVICH**, and **OFFICER HOLIFIELD,** acting in their respective individual capacities, all jointly and severally,

Defendants.

_____/

BURTON-HARRIS LAW, PLC
Robert Burton-Harris (P81843)
*Attorney for Plaintiff*
24100 Southfield Rd., Suite 200
Southfield, MI 48075
Office: (734) 808-4101
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

SPECTRUM LEGAL SERVICES, PC
Michael H. Fortner (P46541)
*Co-counsel for Plaintiff*
24100 Southfield Road, Suite 203
Southfield, MI 48075
Tel. (248) 432-7436
Fax (248) 737-0958
fortner@spectrumattorneys.com

## <u>VERIFIED COMPLAINT FOR DAMAGES AND FOR DECLARATORY JUDGEMENT</u>

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.

Plaintiff states:

## JURISDICTION, VENUE, AND PARTIES

1.      This action arises from civil rights violations under the First, Fifth, Fourth, and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978); Sections 3, 5, and 11 of Article I of the Michigan Constitution of 1963; and the common law of Michigan.

2.      Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

3.      Supplemental jurisdiction over Plaintiff's state law claims is proper pursuant to 28 U.S.C. § 1367 as they arise from the same case and controversy.

4.      Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as most or all events giving rise to the claims herein occurred in the Eastern District of Michigan.

5.      Plaintiff Dwayne Dye ("Plaintiff") is an individual and resident of Roseville, MI. He is a Black veteran of the United States Marine Corp.

6.      Defendant City of Hazel Park is a municipal corporation duly organized and existing under the Constitution and laws of the State of Michigan. It is, at all times relevant hereto, authorized by law to maintain and operate the Hazel Park Police Department ("HPPD"). By and through its agents, including but not limited to the

2

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

Chief of Police, its supervisors, operating officers, Boards, Commissions, and Committees and its final policymakers. Defendant City, at all times relevant hereto, acting through its official policy makers, established, promulgated and implemented the policies, customs and practices, written and unwritten, of the HPPD, with regard to investigating suspected crimes, requesting judicially approved search warrants, training, supervision, and discipline of the employees of said department.

7.     Defendant Officer Deanovich is a police officer with HPPD. Upon information and belief, he is a resident of Oakland County, Michigan, and at all relevant times was employed by the City of Hazel Park, specifically HPPD, as a police officer, and acting pursuant to his authority on its behalf. He is sued in his individual capacity.

8.     Defendant Officer Holifield is a police officer with HPPD. Upon information and belief, he is a resident of Oakland County, Michigan, and at all relevant times was employed by the City of Hazel Park, specifically HPPD, as a police officer, and acting pursuant to his authority on its behalf. He is sued in his individual capacity.

9.     When the events alleged in this complaint occurred, Defendants were acting either within the scope of their employment or official capacities and under color of law.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

10.     At all material times, Defendant City of Hazel Park employed HPPD officers and is liable for their acts. Defendant City is also liable because of its policies,

 

practices, and customs, which led to this complaint of violation.

## **GENERAL ALLEGATIONS**

11.     Since, at least, the 1970s, the City of Hazel Park has historically resisted racial integration in favor of a white majority. Notwithstanding its proximity to Detroit, Hazel Park has remained a majority white city since its inception. *See Bradly v. Milliken*, 338 F. Supp. 582, 587 (E.D. Mich. 1971) (citations omitted); *see also Stephen J. Roth Papers*, Bentley Historical Library, Ann Arbor, MI.

12.     Consequently, non-white citizens are underrepresented in local government including within the Hazel Park Police Department.

13.     Against this backdrop, community members and activists have organized informational campaigns, protests, and rallies to inform the public about problematic and racially discriminatory practices by HPPD in the context of traffic and investigatory stops of motorists driving in and around Hazel Park.

4

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

14.     Chief Brian Buchholz has denied the existence of racially motivated policing in Hazel Park and claimed that all citizen generated complaints against HPPD officers are investigated.

15.      However, the practice of arresting and searching motorists and their personal property without individualized probable cause or reasonable suspicion was so persistent and widespread that it was known and approved by policymakers.

16.     The violations of Plaintiff's constitutionally protected rights have occurred without reprimand and with the tacit approval of final decision-makers with respect to HPPD's treatment of motorists traveling in and around Hazel Park.

### *Hazel Park Police Officers Violate Plaintiff's Rights*

17.     On July 17, 2022, Plaintiff and his passenger (and romantic partner) were traveling on 8 Mile Road in Detroit, MI, near the Hazel Park border.

18.     Officer Deanovich initiated a traffic stop of Plaintiff's car.

19.     Officer Deanovich was wearing a body worn camera that recorded the initial stop and the officers' subsequent conduct. The full recording can be viewed at http://bit.ly/3XmySMX.

20.     Plaintiff placed his hands out of the driver's side window and voluntarily gave Officer Deanovich all his credentials including a valid driver's license, proof of registration and insurance, and Plaintiff's Veteran Affair's identification card.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

21.     Officer Deanovich repeatedly asked Plaintiff incriminating questions concerning the reason for the traffic stop which Plaintiff politely declined to answer by ignoring only those incriminating questions.

22.     Officer Deanovich responded to Plaintiff's silence by reaching into Plaintiff's car, unlocking the door, opening the door, and demanding that Plaintiff "step out" of his car.

23.     Plaintiff immediately requested the presence of a HPPD supervisor.

24.     Officer Deanovich refused to contact a supervisor saying, "that's not how this works" and threated to "yank [Plaintiff] out" of his car.

25.     Officer Deanovich's refusal to contact a supervisor was inconsistent with HPPD's written policies but Officer Deanovich learned from other HPPD officers and supervisors that HPPD had a superseding unwritten policy and practice of allowing officers to disregard motorists' request for the presence of a supervisor during traffic stops at their discretion.

26.     HPPD officers including supervisors and final decision-makers knew of and approved this unwritten policy and practice to avoid scrutiny of HPPD officers' conduct and potential liability for constitutional violations during traffic stops.

27.     After Officer Deanovich refused to contact a supervisor, Plaintiff instructed his passenger to use his cell phone to call 911 and request the presence of a HPPD supervisor.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

28.     While Plaintiff was instructing his passenger on how to unlock his phone, Officer Deanovich handcuffed Plaintiff, hurriedly moved him away, and locked him in the back of Officer Deanovich's police car.

29.     Officer Deanovich stated that he arrested Plaintiff because he exercised his Fifth Amendment right to remain silent when asked incriminating questions.

30.     Officer Deanovich returned to Plaintiff's car and reached for the keys contemporaneously with Plaintiff's passenger.

31.     After touching his passenger's hand, Officer Deanovich cursed at her and forcefully removed her from the car by her arm.



32.     As Officer Deanovich was arresting her, Officer Holifield arrived on the scene.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

33.     Officer Deanovich and Officer Holifield searched Plaintiff's car without a search warrant (nor an applicable exception to the warrant requirement) or Plaintiff's permission. Neither officer found any contraband or intoxicants.

34.     Officer Deanovich returned to his police car where Plaintiff was locked in the backseat. Plaintiff asked Officer Deanovich about the reasons for his conduct.

35.     Officer Deanovich responded to Plaintiff's questions saying "oh, so now you want to talk?" and accused him of driving while intoxicated.

36.     Plaintiff denied drinking and demanded that Officer Deanovich conduct sobriety testing via a blood draw at a hospital or a roadside PBT test.

37.     Plaintiff's roadside PBT test results were 0.00 units of alcohol detected.

38.     Regardless of the PBT results, Officer Deanovich continued to ask Plaintiff potentially self-incriminating questions and conducted additional field sobriety testing.

 

39.     Officer Deanovich cut off the audio-recording feature of his body worn camera and made a call on his personal cell phone. On information and belief, Officer Deanovich called and spoke with a HPPD supervisor.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

40.     After Officer Deanovich could no longer pretend that he suspected Plaintiff had been driving while intoxicated, Plaintiff was uncuffed and allowed to exit the police car.

41.     Plaintiff did not act violently or pose any danger whatsoever to Officer Deanovich or Officer Holifield.

42.     Officer Deanovich's actions were motivated by retaliation against Plaintiff for exercising his Fifth Amendment rights and in retaliation for requesting the presence of a HPPD supervisor.

43.     Plaintiff was subsequently cited for speeding.

44.     Defendant Officer Deanovich testified to the facts and circumstances of the traffic stop at a subsequent formal hearing for the speeding civil infraction. His body worn camera recordings (the same recording attached herein) were admitted as substantive evidence.

45.     The above-described violations of Plaintiff's constitutional rights are a direct result of Hazel Park's policy, practice, and custom of authorizing HPPD to use force against motorists traveling in and around Hazel Park.

46.     The City of Hazel Park has failed to train its officers in constitutional responses to individuals' proper assertion of their First and Fifth Amendment rights.

47.     The City of Hazel Park has failed to train its officers in searches and seizures of people and property consistent with the Fourth Amendment.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

48.    The City of Hazel Park has failed to train its officers in the reasonable and constitutional use of force.

49.    The City of Hazel Park has a has a custom and policy of seizing and searching motorists and their vehicles without individualized suspicion or probable cause and assaulting and/or arresting motorists without legal justification.

50.    Plaintiff are informed and believe and herein allege that Officer Deanovich and Officer Holifield acted in accordance with orders given by supervisors from the highest command positions, in accordance with policies and procedures instituted by the HPPD and the City of Hazel Park. Moreover, the history and sheer frequency of similar accounts of motorists traveling in and around Hazel Park makes it clear that what occurred to Plaintiff reflects a pattern and practice of misconduct rather than an isolated incident.

51.    On information and belief, HPPD supervisors have viewed Officer Deanovich and Officer Holifield's body worn camera recordings and approved of their conduct without any form of discipline or reprimand against the officers.

52.    HPPD policymakers have acted with disregard for the constitutional rights of motorists traveling in and around Hazel Park by authorizing, both explicitly and implicitly, illegal searches and seizures when they assert their right remain silent; by failing to properly train, supervise, condemn, and discipline HPPD officers for constitutional violations; and by failing to rectify the HPPD's unconstitutional

10

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

custom of using illegal searches and seizures to intimidate, humiliate, deter, threaten, and control motorists traveling in and around Hazel Park.

53. The City of Hazel Park, through its final-decision makers and HPPD, have received ample notice that the HPPD is using excessive force against motorists traveling in and around Hazel Park and violating their First, Fourth, Fifth, and Fourteenth Amendment rights in the absence of probable cause or any imminent threat to safety, including by the above-mentioned public awareness campaigns and firsthand accounts circulated through the media.

54. The City of Hazel Park has failed to act to remedy the ongoing violations of motorists' constitutional rights by HPPD officers, including by failing to train, supervise, or discipline HPPD officers or issue corrective policies to prevent further violations.

55. As a direct and proximate cause of the conduct described herein, Plaintiff (and countless other motorists) has been denied his constitutional, statutory, and legal rights as stated herein, and have suffered general and special damages, including but not limited to, physical injuries and bodily harm, pain, fear, humiliation, embarrassment, discomfort, anxiety, mental and emotional distress, and other damages in an amount according to proof.

56. Defendants' acts were willful, wanton, malicious, and oppressive, and done with conscious or reckless disregard for Plaintiff's rights.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

57.     The purpose and effect of the excessive force and unconstitutional conduct described herein has been to restrict, frustrate, and deter motorists from exercising their rights under the First, Fourth, Fifth, and Fourteenth Amendment to the United States Constitution to exercise freedom of speech, to remain silent and not self-incriminate, to be free from unwarranted searches and seizures by the government, and to freely travel.

**Count I**
**Fourth/Fourteenth Amendment to the United States Constitution: Arrests**
**Without Probable Cause**
**42 U.S.C. § 1983**
**(as to Defendant Officers Deanovich and Holifield)**

76.     Plaintiff incorporates all preceding paragraphs by reference.

77.     At all relevant times, Defendants have acted—and continue to act— under color of state law.

78.     Defendants detained, seized, handcuffed, arrested, and searched Plaintiff's persons and their personal property despite the lack of any individualized probable cause or reasonable suspicion that Plaintiff committed any arrestable offense.

79.     Plaintiff objected and did not consent to his arrest.

80.     Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

81.     The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the position of

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

Defendants would have understood that their conduct violated Plaintiff's constitutional rights.

82.     Defendants are therefore not entitled to qualified immunity.

83.     As a direct and proximate result of Defendants' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count II**
**Article I, Section 11 of the Michigan Constitution of 1963: Unreasonable, Excessive, and Arbitrary Force**
**(as to Defendant Officers Deanovich and Holifield)**

84.     Plaintiff incorporates all preceding paragraphs by reference.

85.     At all relevant times, Defendants have acted—and continue to act— under color of state law.

86.     The conduct of Defendants violated Plaintiff's clearly established rights pursuant to Article I, Section 11 of the Michigan Constitution of 1963 to be free from unreasonable, excessive, and arbitrary force under color of law.

87.     The arbitrary use of force by Defendants against Plaintiff was excessive and objectively unreasonable, in direct violation of Plaintiff's rights under Article I, Section 11.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

88.    Plaintiff did not pose any reasonable immediate threat to the safety of any officer nor have Defendants provided sufficient evidence asserting so.

89.    Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

90.    The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendants would have understood that their conduct violated Plaintiff's constitutional rights.

91.    Defendants are therefore not entitled to qualified immunity.

92.    As a direct and proximate result of Defendants' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

## Count III
**Fourth/Fourteenth Amendment to the United States Constitution: False Imprisonment**
**42 U.S.C. § 1983**
**(as to Defendant Officers Deanovich and Holifield)**

93.    Plaintiff incorporates all preceding paragraphs by reference.

94.    At all relevant times, Defendants have acted—and continue to act— under color of state law.

14

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

95.    Defendants kept Plaintiff in a locked police car after expressly acknowledging that they lacked any individualized probable cause or reasonable suspicion that he had committed an arrestable offense.

96.    Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

97.    The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendants would have understood that their conduct violated Plaintiff's constitutional rights.

98.    Defendants are therefore not entitled to qualified immunity.

99.    As a direct and proximate result of Defendants' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count IV**
**Fourth Amendment to the United States Constitution: Unreasonable and Excessive Force**
**42 U.S.C. § 1983**
**(as to Defendant Officers Deanovich and Holifield)**

100.    All preceding paragraphs are incorporated by reference.

101.    At all relevant times, Defendants have acted—and continue to act— under color of state law.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

102. Defendants' above-described conduct violated Plaintiff's clearly established rights pursuant to the Fourth Amendment of the United States Constitution to be free from unreasonable, excessive, and arbitrary force and seizures under color of law.

103. The use of force against Plaintiff, described in detail above, was arbitrary and objectively unreasonable, in direct violation of Plaintiff's rights under the Fourth and Fourteenth Amendment.

104. Plaintiff did not pose any reasonable immediate threat to the safety of any officer nor have Defendants provided sufficient evidence to the contrary.

105. Plaintiff did not pose any reasonable immediate threat to the safety of any officer nor have Defendants provided sufficient evidence asserting so.

106. Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

107. The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendants would have understood that their conduct violated Plaintiff's constitutional rights.

108. Defendants are therefore not entitled to qualified immunity.

109. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count V**
**First Amendment to the United States Constitution: Free Speech**
**42 U.S.C. § 1983**
**(as to all Defendants)**

110.   Plaintiff incorporates all preceding paragraphs by reference.

111.   At all relevant times, Defendants Officers Deanovich and Holifield have acted—and continue to act— under color of state law pursuant to the municipal policies, practices, and customs of the City of Hazel Park.

112.   Defendants' above-described conduct violated Plaintiff's rights to freedom of speech.

113.   Defendants never suspected Plaintiff of committing any unlawful acts, and Defendants lacked probable cause to detain or arrest Plaintiff.

114.   Defendants Officers Deanovich and Holifield detained or arrested, searched, and used unnecessary force against Plaintiff with retaliatory animus because he requested the presence of a HPPD supervisor and objected to Defendant Officer Deanovich's conduct.

115.   Defendants Officers Deanovich and Holifield acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

116.   The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the position of

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

Defendants would have understood that their conduct violated Plaintiff's constitutional rights.

117.   Defendants are therefore not entitled to qualified immunity.

118.   As a direct and proximate result of Defendants' conduct, Plaintiff have sustained injuries and damages  including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights,  mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

## Count VI
## Fifth Amendment to the United States Constitution: Right to Remain Silent
## 42 U.S.C. § 1983
## (as to Defendant Officers Deanovich and Holifield)

119.   Plaintiff incorporates all preceding paragraphs by reference.

120.   At all relevant times, Defendants have acted—and continue to act— under color of state law.

121.   Defendants' above-described conduct violated Plaintiff's right to remain silent when asked questions to elicit self-incriminating admissions.

122.   Defendant Officer Deanovich arrested Plaintiff expressly because he exercised his right to remain silent when asked questions that Officer Deanovich knew or should have known would elicit self-incriminating responses.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

123.   The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendants would have understood that their conduct violated Plaintiff's constitutional rights.

124.   Defendants are therefore not entitled to qualified immunity.

125.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages  including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights,  mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count VII**
**Article I, Section 17 of the Michigan Constitution of 1963: Right to Remain Silent**
**(as to Defendant Officers Deanovich and Holifield)**

126.   Plaintiff incorporates all preceding paragraphs by reference.

127.   At all relevant times, Defendants have acted—and continue to act— under color of state law.

128.   The conduct of Defendants violated Plaintiff's clearly established rights pursuant to Article I, Section 17 of the Michigan Constitution of 1963 to remain silent when asked questions to elicit self-incriminating admissions.

129.   Defendant Officer Deanovich arrested Plaintiff expressly because he exercised his right to remain silent when asked questions that Officer Deanovich

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

knew or should have known would elicit self-incriminating responses in violation of Article I, Section 17.

130.   The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable individual in the position of Defendants would have understood that their conduct violated Plaintiff's constitutional rights.

131.   Defendants are therefore not entitled to qualified immunity.

132.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages  including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights,  mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.


**Count VIII**
**42 U.S.C. § 1981 – Retaliation**
**(as to all Defendants)**

133.   Plaintiff incorporates all preceding paragraphs by reference.

134.   At all relevant times, Defendants Officers Deanovich and Holifield have acted—and continue to act— under color of state law pursuant to the municipal policies, practices, and customs of the City of Hazel Park.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

135.   Plaintiff engaged in activity protected by 42 U.S.C. § 1981 when he requested a supervisor's presence during the traffic stop, declined to make incriminating statements, and objected to Defendants' actions, accusations, and use of force.

136.   Defendants, both individually and pursuant to the customs, policies and/or practices of Defendants City of Hazel Park, retaliated against Plaintiff by utilizing the unreasonable force and unlawful arrests and searches described herein.

137.   Defendants, both individually and pursuant to the customs, policies and/or practices of Defendants City of Hazel Park, retaliated against Plaintiff by searching his property, using unreasonable force,  and detaining or arresting Plaintiff in a manner dissimilar to the detention or arrest of white motorists traveling in and around Hazel Park.

138.   There is no valid explanation for the disparate treatment of Plaintiff other than the fact that Plaintiff is Black and objected to his treatment by Defendants.

139.   Defendants' treatment of and actions against Plaintiff violate Plaintiff's rights under 42 U.S.C. § 1981.

140.   Defendants knowingly acted with malice and/or with reckless indifference to Plaintiff's federally protected rights.

141.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff have sustained injuries and damages  including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights,  mental anguish

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

### Count IX
### Assault and Battery
### (as to Defendant Officer Deanovich)

142.   Plaintiff incorporates all preceding paragraphs by reference.

143.   At all relevant times, Defendant Officer Deanovich was acting in the course and scope of his employment with the Defendant City of Hazel Park.

144.   Defendant intended to cause, and did cause, harmful and offensive contact with Plaintiff and acted intentionally in that he intended to commit an assault and battery or should have been substantially certain that an assault and battery would result from his conduct.

145.   Defendant's conduct was unreasonable, outrageous, willful, wanton, malicious, oppressive, and not undertaken in good faith, justifying an award of punitive damages and other exemplary damages.

146.   Defendant acted in bad faith and with malice and accordingly are not entitled to qualified immunity.

147.   Defendant City of Hazel Park is vicariously liable for the conduct of its employees and/or agents by virtue of *respondeat superior* and directly liable by virtue of its failure to train and supervise its employees.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

148.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff have sustained injuries and damages  including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights,  mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

### Count X
### Intentional Infliction of Emotional Distress
### (as to Defendant Officers Deanovich and Holifield )

149.   Plaintiff incorporates all preceding paragraphs by reference.

150.   At all relevant times, Defendant Officer Deanovich was acting in the course and scope of his employment with the Defendant City of Hazel Park.

151.   Defendant intended to cause, and did cause, emotional distress, and acted intentionally in that they intended to inflict emotional distress or should have been substantially certain that emotional distress would result from their conduct.

152.   Defendants' conduct was unreasonable, outrageous, willful, wanton, malicious, oppressive, and not undertaken in good faith, justifying an award of punitive damages and other exemplary damages.

153.   Defendants' acted in bad faith and with malice and accordingly are not entitled to qualified immunity.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

154. Defendant City of Hazel Park is vicariously liable for the conduct of its employees and/or agents by virtue of *respondeat superior* and directly liable by virtue of its failure to train and supervise its employees.

155. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

**Count XI**
**42 U.S.C. § 1983**
***Monell* Liability**

156. All preceding paragraphs are incorporated by reference.

157. At all times herein, Defendant City of Hazel Park, through its police department, supervisors, and/or policymakers, established and/or maintained the following customs, usages, policies, and/or practices:

    a. Arresting and using force against motorists who exercise their First and Fifth Amendment rights during traffic stops.

    b. Seizing and searching the personal property of motorists who exercised their First and Fifth Amendment rights during traffic stops in violation of their Fourth Amendment rights.

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

      c. Treating Black motorists traveling in and around Hazel Park in a racially discriminatory manner compared to white motorists.

158. Defendant City of Hazel Park, acting through its police department, supervisors and/or policymakers, was on actual notice that its police officers engaged in the above-listed practices, thereby condoning and/or acquiescing to Defendants unconstitutional use of force, arrests, detentions, invasion and violation of motorists' First, Fourth, Fifth, and Fourteenth Amendment rights, and retaliatory conduct in violation of 42 USC §1981.

159. Each of the above-mentioned policies, customs, and/or practices was known to Defendant City of Hazel Park as being highly likely and probable to cause violations of the constitutional rights of members of the public, including but not limited to Plaintiff herein.

160. The individual Defendants' conduct was committed pursuant to the customs, policies and/or practices of Defendant City of Hazel Park.

161. Each such custom, policy and/or practice, referenced above, was a moving force in the violations of Plaintiff's constitutional rights, as set forth herein.

162. HPPD policymakers have acted with disregard for the constitutional rights of motorists traveling in and around Hazel Park by authorizing, both explicitly and implicitly, the use of force against motorists who do not pose any safety threat; by failing to properly train, supervise, condemn, and discipline HPPD officers

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

regarding appropriate use of force against motorists; and by failing to rectify the HPPD's unconstitutional custom of using force and illegal searches and seizures to intimidate, humiliate, threaten, and control motorists traveling in and around Hazel Park.

163.   As a direct and proximate result of Defendants' conduct, Plaintiff have sustained injuries and damages including physical injury, loss of enjoyment of life and social activities, loss of liberty, deprivation of civil rights, mental anguish and emotional distress, humiliation, and embarrassment, and have incurred attorney fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request this Court to:

A. Declare that the aforementioned practices of Defendants constitute unlawful violations of Plaintiff's constitutional and statutory rights;

B.  Award Plaintiff general and compensatory damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff reasonable attorneys' fees, costs, and interests pursuant to 42 U.S.C. § 1988; and

E. Award such other and further relief as the Court deems just and proper.


Respectfully Submitted,

26

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

BY: /s/ *Robert Burton-Harris*
Robert Burton-Harris (P81843)
BURTON-HARRIS LAW, PLC
*Attorney for Plaintiff*
24100 Southfield Rd., Suite 200
Southfield, MI 48075
Office: (734) 808-4101
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

**Dated: January 5, 2023**

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

## <u>VERIFICATION</u>

I declare that the facts stated above are true to the best of my personal knowledge, information, and belief.

BY:

_____                    01 / 10 / 2023

Dwayne Dye

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DWAYNE DYE**,                                                  Case No.:
                                                                Hon:

Plaintiff,

vs.

**CITY OF HAZEL PARK**, a municipal corporation, **OFFICER DEANOVICH**, and **OFFICER HOLIFIELD,** acting in their respective individual capacities, all jointly and severally,

Defendants.

_____/

BURTON-HARRIS LAW, PLC
Robert Burton-Harris (P81843)
*Attorney for Plaintiff*
24100 Southfield Rd., Suite 200
Southfield, MI 48075
Office: (734) 808-4101
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

SPECTRUM LEGAL SERVICES, PC
Michael H. Fortner (P46541)
*Co-counsel for Plaintiff*
24100 Southfield Road, Suite 203
Southfield, MI 48075
Tel. (248) 432-7436
Fax (248) 737-0958
fortner@spectrumattorneys.com

**<u>DEMAND FOR TRIAL BY JURY</u>**

29

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7

Plaintiff Dwayne Dye hereby demands a trial by jury in the above-captioned cause

of action on all issues so triable.

Respectfully Submitted,

BY: /s/ *Robert Burton-Harris*
Robert Burton-Harris (P81843)
BURTON-HARRIS LAW, PLC
*Attorney for Plaintiff*
24100 Southfield Rd., Suite 200
Southfield, MI 48075
Office: (734) 808-4101
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

**Dated: January 5, 2023**

Doc ID: 7ea4e1f4538b259aa2d6f81b7f2d218b2aa86ff7